UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAS VIRGENES MUNICIPAL WATER DISTRICT-TRIUNFO SANITATION DISTRICT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GINA McCARTHY, Administrator of the U.S. ENVIRONMENTAL PROTECTION AGENCY, and DOES 1-10, inclusive,<br><br>　　　　Defendants,<br><br>LOS ANGELES WATERKEEPER, HEAL THE BAY, and NATURAL RESOURCES DEFENSE COUNCIL,<br><br>　　　　Intervenors. | Case No: C 14-1392 SBA<br><br>**ORDER DENYING MOTION TO CONTINUE SCHEDULE FOR DISCOVERY MOTION**<br><br>Docket 55 |

The parties are presently before the Court on Plaintiff Las Virgenes Municipal Water District-Trifunfo Sanitation District's ("Plaintiff") administrative motion to continue schedule for discovery motion. Defendant Gina McCarthy, Administrator of the United States Environmental Protection Agency ("Defendant"), opposes the motion. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion, for the reasons stated below.

I.   **DISCUSSION**

Plaintiff owns and operates the Tapia Wastewater Reclamation Facility ("the Facility"). The Facility discharges highly treated effluent into Malibu Creek under a National Pollution Discharge Elimination System ("NPDES") permit issued by the Los

1  Angeles Regional Water Quality Control Board.  In July 2013, the EPA issued a "Malibu
2  Creek and Lagoon TMDL [i.e., Total Maximum Daily Load] for Sedimentation and
3  Nutrients to Address Benthic Community Impairments" ("2013 TMDL").  According to
4  Plaintiff, the 2013 TMDL will be incorporated into the next NPDES permit for the Facility,
5  which will require Plaintiff to incur significant costs for modification of the Facility and for
6  operations.
7     On September 9, 2013, Plaintiff commenced the instant declaratory judgment action,
8  alleging that the 2013 TMDL is invalid under the Clean Water Act.  Among other things,
9  Plaintiff asserts that the 2013 TMDL is invalid because the EPA lacked jurisdiction to
10  promulgate the 2013 TMDL, and because the EPA violated Plaintiff's procedural due
11  process rights and did not create a proper record for the 2013 TMDL.  While it is
12  undisputed that the instant action is an administrative record case, the parties dispute
13  whether discovery is appropriate.  In the parties' Joint Case Management Conference
14  Statement filed in anticipation of the June 26, 2014 Case Management Conference, Plaintiff
15  represented that it intends to file a discovery motion after Defendant produces the
16  administrative record.  On June 26, 2014, the Court issued an Order stating that "[g]iven the
17  dispute regarding whether discovery is necessary or appropriate in this action and the
18  anticipated motion practice, coupled with the fact that no actual dates have been proposed
19  by the parties, the Court finds that, in the interests of judicial economy and conserving the
20  parties' resources, a brief continuance of the presently-scheduled Case Management
21  Conference is appropriate."  The Court continued the Case Management Conference to
22  October 1, 2014, and directed Plaintiff to file a discovery motion by no later than August
23  26, 2014.
24     On August 8, 2014, Defendant produced a draft of the administrative record.  On
25  August 26, 2014, Plaintiff did not file a discovery motion.  Instead, Plaintiff filed an
26  administrative motion, requesting an extension of time to file a discovery motion.  In
27  support of its motion, Plaintiff asserts that it cannot determine whether it needs to file a
28  discovery motion until the final administrative record is produced and it has time to review

the record.  In response, Defendant argues that Plaintiff's motion should be denied because it is an improper administrative motion, Plaintiff failed to meet and confer prior to filing the motion, and Plaintiff's stated reason for an extension of time is without merit.

As a threshold matter, Plaintiff concedes that it did not meet and confer prior to the filing of the instant motion.  On that basis alone, the Court finds that Plaintiff's motion is subject to denial.  See Raifman v. Wachovia Sec., LLC, 2013 WL 949255, at *2 (N.D. Cal. 2013) (Armstrong, J.) (denying motion without prejudice based on the movant's failure to "meet and confer on the issues presented by the instant motion").  Plaintiff's motion also fails to comport with the Civil Local Rules, which require a party requesting an enlargement of time to alter a deadline established by the Court to file a written stipulation pursuant to Civil L.R. 6-2 or motion pursuant to Civil L.R. 6-3.  N.D. Cal. Civ. L.R. 6-1(b).

Even setting these deficiencies aside, the Court finds that Plaintiff has failed to demonstrate that an extension of time to file a discovery motion is appropriate.  Judicial review of an agency's decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court.  Southwest Center for Biological Diversity v. U.S. Forest Service, 100 F.3d 1443, 1450 (9th Cir. 1996).  While there are narrow exceptions to this general rule that allow a district court to admit extra-record evidence, see id.,[1] Plaintiff has not shown that any of the exceptions apply.  Plaintiff's motion does not identify any "holes" in the administrative record that can be "plugged" through discovery.  See Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005) (The limited exceptions to the general rule that courts reviewing an agency decision are limited to the administrative record operate to identify and plug holes in the administrative record.  Though widely accepted, these exceptions are narrowly construed and applied.).  Further, Plaintiff failed to articulate a

---

[1] In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."  Southwest Center, 100 F.3d at 1450 (internal citation and quotation marks omitted).

basis for why discovery is appropriate in the parties' September 24, 2014 Joint Case Management Conference Statement or during the October 1, 2014 Case Management Conference. Plaintiff failed to do so despite having ample time to review the final administrative record, which was filed on August 27, 2014.

In light of the foregoing, Plaintiff's administrative motion to continue schedule for discovery is DENIED. Plaintiff has not demonstrated that an extension of time to file a discovery motion is warranted. There has been no showing that discovery in this administrative record case is appropriate. To the extent Plaintiff believes that it is entitled to conduct discovery, the parties shall meet and confer to determine whether there is, in fact, a controversy - or whether there is another mutually agreeable course of action that will address Plaintiff's concerns without the need for judicial intervention. See Raifman, 2013 WL 949255, at *1 (" 'The purpose of the [meet and confer] requirement is to . . . resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources.' "). In the event the parties cannot resolve their discovery dispute, they shall file a joint letter brief, not to exceed ten (10) pages, setting forth their respective positions.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's administrative motion to continue schedule for discovery is DENIED. If the parties' discovery dispute is not resolved through the meet and confer process, the parties shall file a joint brief as described above by no later than fourteen (14) days from the date this Order is filed.

2. This Order terminates Docket 55.

IT IS SO ORDERED.

Dated: October 14, 2014

SAUNDRA BROWN ARMSTRONG
United States District Judge